IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>FIDEL ALONSO-VALLS (10)<br><br>Defendant | CRIMINAL NO. 02-00042-10(RAM) |

### OPINION AND ORDER

This matter comes before the Court on Mr. Fidel Alonso-Valls' ("Mr. Alonso-Valls") December 3, 2019 *Motion for Expungement* and the Government's January 9, 2020 *Response in Opposition to Motion for Expungement*. (Docket Nos. 707 and 709, respectively).[1] The *Motion for Expungement* is **DENIED** for the reasons explained below.

### I. BACKGROUND

In January of 2002, Mr. Alonso-Valls was indicted and arrested in this case. (Docket Nos. 2 and 6). On October 22, 2002, the Court issued a Judgment of Discharge dismissing the charges **with prejudice** upon the Government's motion. (Docket No. 506).

In his *Motion for Expungement*, Mr. Alonso-Valls alleges that he is questioned by the Transportation Security Administration ("TSA") every time he travels outside Puerto Rico. (Docket 707 ¶

---

[1] The case was transferred to the undersigned's docket on April 26, 2021. (Docket No. 711).

3). By way of relief, he requests that the Court "order that the records related to his arrest and indictment in this case 02-CR-042 be expunged and removed from any governmental database." Id. at 2.

In its *Response in Opposition to Motion for Expungement*, the United States posits that expungement has been authorized by statute in a limited set of circumstances not applicable here. (Docket No. 709 at 1-2). It further contends that under applicable precedent, the Court lacks authority and jurisdiction to grant the requested relief. Id. at 2-3.

The United States is correct. Under controlling precedent from the United States Court of Appeals for the First Circuit, the Court lacks jurisdiction to order expungement of Mr. Alonso-Valls' indictment and arrest.

## II.  DISCUSSION

In United States v. Coloian, the defendant-appellant had been indicted and acquitted at trial of bribery and conspiracy to commit bribery. *See* United States v. Coloian, 480 F.3d 47, at 48 (1st Cir. 2007). Three years later, defendant-appellant moved for expungement because of the stigma of being charged and because his ability to practice law and business was hindered by his arrest and trial. Id. The District Court denied the petition. Id. at 49.

On appeal, Coloian argued that "the district court acquired and retained subject matter jurisdiction" once he was indicted.

Id. at 49. The First Circuit was thus faced with the issue of whether district courts have ancillary jurisdiction to expunge criminal records. Id. at 49-50. It explained that per the Supreme Court of the United States' Opinion in Kokkonen v. Guardian Life Ins. Co. of America, "the federal courts' ancillary jurisdiction serves two purposes: '(1) to permit disposition by a single court of claims that are, in varying respects and degrees factually interdependent; and (2) enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 50 (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994)). The First Circuit found **expungement did not serve either of these purposes** because expungement was unrelated to the original claims brought before the district court and the existence and availability of the criminal records did not frustrate Coloian's acquittal. Id. at 52. Accordingly, the First Circuit concluded that "the district court **did not have jurisdiction** to consider Coloian's request for the expungement of his criminal record on equitable grounds." Id. The First Circuit clarified that "equitable grounds" are those "that **rely only on notions of fairness and are divorced entirely from legal considerations**." Id. at n. 6 (emphasis added).

    **Here, Mr. Alonso-Valls has not identified any statute affording him the right to expungement**. (Docket No. 707). He is clearly requesting expungement on equitable grounds, that is, to

avoid the inconvenience, and presumably embarrassment, of being questioned when travelling. *See* United States v. Cruz-García, 391 F.Supp.3d 180 (D.P.R. 2019) (denying expungement where defendant complained that he was detained and questioned by Customs and Border Patrol); Gonzalez-Reyes v. U.S., 2009 WL 890486 (2009) (denying expungement requested by defendant on the grounds that his criminal record affected his ability to obtain employment). Coloian controls and therefore precludes the Court from granting Mr. Alonso-Valls the requested relief.

## III. CONCLUSION

The Court lacks subject matter jurisdiction and thus, the *Motion for Expungement* at Docket No. 707 is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 28th day of April 2021.

S/ RAUL M. ARIAS-MARXUACH
UNITED STATES DISTRICT JUDGE